FILED'09 JUN 19 16:03USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GABRIELE MEIRINGER,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY and THE WRITERS
COMPUTER STORE DISABILITY
BENEFIT PLAN,

    Defendants.

ORDER

Civil No. 06-1565-PK

HAGGERTY, District Judge:

    Magistrate Judge Papak referred to this court a Findings and Recommendation [54] in this matter. Magistrate Judge Papak recommends denying plaintiff's motion for summary judgment and granting defendant's motion for summary judgment. Plaintiff filed timely objections to the Findings and Recommendation and defendant filed a timely response. For the following reasons, this court adopts the Findings and Recommendation.

1 - ORDER

**STANDARDS**

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court may accept, reject, or modify, in whole or in part, the Findings and Recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

**BACKGROUND**

Plaintiff Gabriele Meiringer filed this Employee Retirement Income Security Act (ERISA) action to challenge the termination of her long-term disability benefits by defendant Metropolitan Life Insurance company (MetLife). Plaintiff suffers from fibromyalgia. The benefit plan at issue included a twenty-four month benefits limitation for all "[n]euromusculoskeletal and soft tissue disorders." ER. at 459.[1] MetLife terminated plaintiff's benefits pursuant to this limitation.

The long-term disability plan provides that "the Plan administrator and other Plan fiduciaries shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan." ER. at 470. Because MetLife both administers the plan and pays benefits, MetLife is construed as operating under a structural conflict of interest, discussed further herein.

The Findings and Recommendation contains a detailed summary outlining the history of this matter, and a detailed summary of the legal standards relevant in this case. Additional facts and standards will be addressed as necessary.

---

[1] ER. refers to the Stipulation Regarding Evidentiary Record

2 - ORDER

## DISCUSSION

Plaintiff objects to the recommendation denying her summary judgment motion and granting defendant's motion. Plaintiff argues that her benefits were denied improperly due to a conflict of interest. Plaintiff contends that MetLife miscatagorized plaintiff's fibromyalgia as a neuromusculoskeletal and soft tissue disorder, and MetLife erred by relying upon the unsupported positions of its consulting doctors in reaching this determination.

Plaintiff focuses on the testimony of three physicians, Drs. Wilson, Varpetian, and Lumpkins. Doctor Wilson's testimony demonstrated that fibromyalgia is a disorder of the brain and cannot be catagorized as a neuromusculoskeletal and soft tissue disorder. Doctor Wilson specifically noted that fibromyalgia was not a musculoskeletal disorder. ER. 375.

Doctor Varpetian directly addressed Dr. Wilson's testimony and indicated that "there is no definitive consensus that fibromyalgia is a brain disorder" and that "fibromyalgia is often considered a musculoskeletal disorder and not a brain disorder." ER. at 351-52.

When asked if plaintiff's diagnoses would meet the plan's neuromusculoskeletal and soft tissue disorders limitation, Dr. Lumpkins indicated that plaintiff's diagnoses "would fulfill the 24-month plan exclusion and be considered neuromuscular and soft tissue disorders. . .." ER. at 341.[2]

---

[2]The doctors and parties use the terms neuromusculoskeletal, musculoskeletal, and neuromuscular in confusing ways. *Compare* Pl. Obj. at 3, with ER. 341. Doctors Wilson and Varpetian seem to use the term musculoskeletal interchangeably with neuromusculoskeletal. ER. 351, 375. Similarly, Dr. Lumpkins uses the term neuromuscular. ER. 341. Plaintiff correctly asserts that Dr. Lumpkins "never stated that she considers fibromyalgia 'a neuromusculoskeletal and soft tissue disorder.'" Pl's ob. at 4. However, Dr. Wilson did not assert that fibromyalgia is *not* a neuromusculoskeletal disorder. ER. 375. These discrepancies do not undermine the Findings and Recommendation.

3 - ORDER

Doctors Varpetian and Lumpkins disagreed with Dr. Wilson's medical opinion. ER. 340, 351. In response, Dr. Wilson acknowledged "there is no consensus about virtually any aspect of fibromyalgia and there may never be." ER. 376.

MetLife considered all available medical opinions and determined plaintiff's fibromyalgia to be a neuromusculoskeletal and soft tissue disorder subject to the plan's twenty-four month benefits limitation. ER. 379-84.

When a plan unambiguously places discretion to interpret the plan's provisions with the administrator, the appropriate standard of review is for abuse of discretion. *Burke v. Pitney Bowes Inc. Long-Term Disability Plan*, 544 F.3d 1016, 1023-24 (9thCir. 2008) (citing *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc)). The existence of a structural conflict of interest, such as MetLife's administration of the plan and its payment of benefits, is a factor that must be weighed by the court and the "significance of the factor will depend upon the circumstances of the particular case." *Metro. Life Ins. Co. v. Glenn*, ___ U.S. ___, 128 S. Ct. 2343, 2346 (2008). Actions of a structurally conflicted administrator that may justify de novo review or examination of outside evidence include failure to adequately investigate claims or failure to credit reliable evidence. *Abatie,* 458 F.3d at 968.

Plaintiff asserts that the Findings and Recommendation erred by finding only a "routine structural conflict of interest" and failing to examine outside evidence. Pl. Obj. at 5-6.

The Findings and Recommendation addressed the conflict of interest argument, noting that Drs. Varpetian and Lumpkins sufficiently supported MetLife's position. Findings and Recommendation at 12-14. The Findings and Recommendation concluded that plaintiff failed to present sufficient evidence that the conflict affected MetLife's decision. Findings and

4 - ORDER

Recommendation at 13.

Plaintiff asserts that because of conflicting opinions between doctors, the Findings and Recommendation should have gone beyond the record to determine if MetLife abused its discretion by accepting medical opinions favorable to MetLife. Plaintiff contends that the administrator "failed to adequately investigate how fibromyalgia should be categorized after it received conflicting opinions." Pl. Obj. at 6-7. Therefore, plaintiff argues, *Abatie's* recognition that a court may weigh a conflict of interest more heavily if the administrator "fails adequately to investigate a claim," 458 F.3d at 968, justifies further scrutiny of outside evidence.

Plaintiff urges that this court should find MetLife abused its discretion by relying on physicians' opinions contradicted by outside evidence. In particular, plaintiff repeatedly asserts that Drs. Varpetian and Lumpkins cited the Medical Disability Advisor (MDA) to support their positions and alleges that outside evidence from the MDA contradicts their opinions. Pl. Obj. at 2, 4-9, 13, 16, 17, 18.

Plaintiff's argument is unpersuasive. Doctors Varpetian and Lumpkins did not rely on the MDA to support their positions. Doctors Varpetian and Lumpkins merely checked a box at the end of a standardized form acknowledging that "when indicated" Reed Review Services could use the MDA to support their opinions. ER. at 344, 352. The opinions of Drs. Varpetian and Lumpkins are sufficient medical evidence to support the decision of MetLife. Even if the MDA or any other outside medical authority might contradict their conclusions, such evidence would merely establish that room for disagreement existed in the medical community and that further medical testimony would be required to resolve this issue. This is insufficient to compel a conclusion that MetLife abused its discretion.

5 - ORDER

MetLife conducted an adequate investigation. As the Findings and Recommendation concluded, "Metlife reviewed the materials Meiringer submitted with her appeal, allowed her physicians to comment on the reports of its consulting physicians, and addressed Meringer's consulting physician opinion in reaching its decision." Findings and Recommendation at 13-14. Where the administrator was faced with conflicting testimony, it was not error to accept the determinations of the consulting doctors. Findings and Recommendation at 14, 20-21.

Any other conclusion might compel MetLife to continue to elicit medical opinions until a clear victor emerged and would require reviewing courts to conduct what amounts to a de novo review of an ERISA plan administrator's decision in every case presenting conflicting evidence. Findings and Recommendations at 13. This court finds that MetLife did not fail to investigate a claim or fail to credit reliable evidence. The Findings and Recommendation is adopted.

## CONCLUSION

For the foregoing reasons, the court adopts the Findings and Recommendation [54]. Plaintiff's Motion for Summary Judgment [32] is denied; and defendants' Motion for Summary Judgment [43] is granted.

IT IS SO ORDERED.

DATED this 19 day of June, 2009.

Ancer L. Haggerty
United States District Judge